W. M. SIMPSON *v.* INTERSTATE COOPERAGE COMPANY.

[58 South. 4.]

1. CODE OF 1906, SECTIONS 4338-4326. *Tax sale.    Filing deed.    Time of sale.*

Where a tax collector filed a conveyance of land sold to an individual for taxes in the office of the clerk of the chancery court of the county as provided under Code of 1906, section 4338 and such deed remained there for two years from the date of sale, not being sooner redeemed. Such deed being in a vault in the chancery clerk's office and remaining therein after the destruction of the court house by fire, the vault not being destroyed, this was a sufficient compliance with the statute.

2. TAXATION. *Tax sale.    Time of sale.    Code of 1906, sections 4326-4328.*

A sale of land by the tax collector for unpaid taxes on the first Monday of March as provided for under section 4328, Code of 1906, is valid, although section 4326, Code of 1906, provides that a tax collector shall advertise all lands in his county on which taxes have not been paid on the first Monday of April following, since the requirements of section 4326 are not necessary to be observed to have a valid sale.

APPEAL from the chancery court of Tallahatchie county.

HON. M. E. DENTON, Chancellor.

Bill by the Interstate Cooperage Company against W. M. Simpson to set aside a tax deed. From a decree for plaintiff defendant appeals.

The Interstate Cooperage Company purchased the land in controversy on September 6, 1906. The taxes for 1906 not having been paid, the land was on March 4, 1907, sold for taxes, and purchased by appellant Simpson. After the expiration of two years, the appellee, learning that the property had been sold at a tax sale, filed its bill in chancery, tendering the taxes, interest,

and penalties, and sought to have the tax deed to appellant set aside and removed as cloud upon appellee's title. The chancellor granted the relief prayed, and annulled appellant's title, and this appeal is prosecuted.

Two questions are presented for determination: First. Whether the tax sale was made at the proper time; that is to say, whether it should have been made on the first Monday of March or the first Monday of April, there being a conflict in the provisions of section 4326 and 4328 of the Code of 1906. The next question presented is whether the deed remained on file in the chancery clerk's office two years, as required by section 4338. It seems that the courthouse was destroyed by fire after this deed was filed, and temporary quarters were arranged in the town for the chancery clerk's office. The vault in the courthouse was not destroyed, and this deed, with certain other records of the office, remained in the vault, which the clerk continued to use.

*May & Sanders,* for appellant, filed an elaborate brief, too long for publication, in which they contended:

1st. That the sale for taxes by the tax collector on the first Monday of March, 1907, was made at the proper time, citing Code of 1906, sections 2933, 4326, 4328, 4338; *Vassar* v. *George,* 47 Miss. 713; Laws of 1908, p. 208; Laws of 1910, p. 215; *Bobo* v. *Commissioners,* 92 Miss. 792.

2d. That the conveyance to appellant was filed in the office of the chancery clerk of the second district of Tallahatchie county on or before the first Monday of April, and did there remain for two years from the day of sale within the meaning of section 4338, Code of 1906, citing "Words and Phrases," vol. 3, p. 2765; *Reed* v. *Inhabitants of Acton,* 120 Mass. 130; *Engleman* v. *State,* 2 Ind. 91, 52 Am. Dec. 494; *Snyder* v. *Methoin,* 60 Tex. 487; *State* v. *Hackaway,* 12 S. W. 246; 98 Mo. 590; *Meridian National Bank* v. *Hoyt Bros. & Co.,* 74 Miss.

221, 21 So. 12, 36 L. R. A. 796, 60 Am. St. Rep. 504; *Edmondson* v. *Granberry,* 73 Miss. 723.

*Thomas M. Scruggs,* for appellee.

I believe that the serious inquiry in the case is: Was the sale for taxes 1906, March 4, 1907, regular; and, if so, was the tax deed filed in the chancery clerk's office and did it there "remain for two years from the day of sale?"

The Code of 1906 contains the following provisions in respect to the advertisement and sale of property for taxes:

"Section 4326 . Sale of Land for Taxes: Advertisement.—After the 15th day of January the tax collector shall advertise all lands in his county on which the taxes have not been paid or which is liable to sale for other taxes, for sale, at the door of the court house of his county, on the first Monday in April following. Such advertisement shall be inserted for three weeks in some newspaper published in the county, if there be one, but in counties having two court districts the land shall be advertised and sold in the district in which said lands are situated, and be put up at the courthouse door, and shall contain a list of the lands to be sold in numerical order as they are contained in the assessment roll, in substance as follows: . . . or by such other designation as it may be assessed. Land in cities and towns shall be described in the advertisement as it is described on the assessment rolls."

Section 4328. How Sale made.—On the first Monday of March, if the taxes remain unpaid, the collector shall proceed to sell the land, or so much and such parts of the land of each delinquent taxpayer as will pay the amount of taxes due by him, and all costs and charges, to the highest bidder for cash. He shall first offer forty acres, and if the first parcel so offered does not produce the amount due, then he shall offer another similar subdivi-

sion, and so on until all of the land constituting one tract and assessed as the property of the same owner be offered. The sale shall be continued from day to day, within the hours for sheriff's sales, until completed; but neither a failure to advertise nor error in conducting the sale shall invalidate a sale at the proper time and place for taxes of any land on which the taxes were due and not paid; but a sale made at the wrong time or at the wrong place shall be void, and any person sustaining damage by reason of any failure or error of the tax collector may recover damages therefor on his official bond."

It is respectfully submitted to the court that this sale should have been on the first Monday in April, 1907, and not upon the first Monday in March, and this view is fortified by the subsequent legislation upon the subject by act approved February 1, 1908, being chapter 199 of the acts of that year, being:

"An Act to Amend Section 4328 of the Code of 1906 in regard to the time the tax collector shall sell lands on which the taxes have not been paid," by which act the date for the sale is fixed for the first Monday in April.

This act was followed in 1910 by an amendment to section 4338 by an act entitled:

"An act to amend section 4338 of the Code of 1906, so as to change the time for the tax collectors to file conveyances of land sold to individuals from the first Monday in April to the first Monday in May." Approved April 16, 1910.

The proof shows that the court house at Sumner, in which the clerk of the chancery court maintained his office, was detstroyed by fire September 4, 1908, and the board of supervisors of the county provided him an office elsewhere, Mr. Ward's office; that all the papers, books, and documents of the office were removed to the place so provided, except some unused books and papers were left in the vault of the ruined court house; that

these were in a measure protected from the weather by
being in certain metallic furniture in the vault; that the
court house walls were dangerous and all officers aban-
doned it, securing offices elsewhere under the orders of
the board of supervisors, who also designated another
building the court house.

The tax deed in question was left by the clerk in the
burned court house in a metallic case. This vault stood
open and was visited by any one who chose to do so;
was in fact used somewhat as a storage place, in the par-
ticular custody of no one, until about the first day of
February, 1909, when the premises were taken in charge
by the contractors who rebuilt the court house.

On February 10, 1909, the building to which the chan-
cery clerk's office was removed was destroyed by fire
and all of the books, papers and documents pertaining
to the office, consumed except the tax deed in question
and a few other documents left stored in the old vault.

After the second fire, occurring February 10, 1909, the
chancery clerk's office was by the board of supervisors
removed to Mr. Simpson's building, but the deed in
controversy remained in the old vault in the ruined and
abandoned court house until it was delivered to appel-
lant after the period of redemption had expired.

Under the proof it appears that the chancery clerk's
office was established and maintained in the court house
up to the fourth day of September, 1908; from Septem-
ber 4, 1908, to February 10, 1909, in Mr. Ward's office
in the town of Sumner, and from February 10, 1909, un-
til April 1910, in Mr. Simpson's building in the town of
Sumner. In April, 1910, it was re-established in the
court house which had been rebuilt in the meantime. No
suggestion is made that the tax deed in controversy fol-
lowed the changes in the location of the clerk's office,
but the proof tends to show that during all these changes
in the clerk's office above mentioned it remained in the
old vault in the ruined court house. This does not com-

ply with the requirements of the law by which it is provided that:

"The tax collector shall file all conveyances of land sold to individuals in the office of the clerk of the chancery court of the county on or before the first Monday in April, there to remain for two years from the day of sale, unless the land be sooner redeemed." Code, 1906, Section 4338.

Construing this provision of the code it was held by this court that the deed must be lodged in the proper custody—that is, in the chancery clerk's office—and there remain for two years from the day of sale. It need not be marked filed, or the record of its lodgment noted, but it must be so lodged and there remain undisturbed for two years. The statute does not say or mean that the deed must be under the care, control or dominion of the clerk, but shall remain in his office.

It is earnestly insisted that the clerk can maintain but one office, or official place of business, at a given time. It is argued by counsel for appellant that he may maintain two places at the same time, the place officially designated by the board of supervisors—the Ward building—and the old vault in the court house. If he may maintain two places, he may maintain any number; in fact, he may justly claim that all places where he may see fit to keep any part of his papers or the documents pertaining to his office is thereby made his office within the meaning of the law. If the argument advanced by appellant that the deed in controversy was in the official control or custody of the clerk, the requirements of the law are satisfied, the clerk could have kept the deed upon his person, in another county, or another state, and yet have it in his custody and under his control.

Argued orally by *Geo. W. May,* for appellant.

Argued orally by *Thomas M. Scruggs,* for appellee.

MAYES, C. J., delivered the opinion of the court.

On the first Monday, the fourth day of March, 1907, the land in controversy was sold for taxes for the year 1906 and purchased by appellant. After the land was sold to appellant by the tax collector, the deed was filed in the office of the chancery clerk of the county, as required by section 4338 of the Code of 1906. As to this feature of this case the controversy turns upon the question of whether or not the delinquent tax land should have been sold on the first Monday of March, as required by section 4328 of the Code of 1906, or whether the sale should have taken place on the first Monday of April, the time at which section 4326 of the Code of 1906 requires the advertisement to state that the sale of delinquent tax land shall take place.

After this land was sold for delinquent taxes on the first Monday in March, 1907, and after the tax collector had filed the deed in the office of the chancery clerk, as required by section 4338 of the Code of 1906, the courthouse, in which was the chancery clerk's office, was destroyed by fire on September 4, 1908. At the time of this fire the tax deed in question was on file with the clerk in a vault in the chancery clerk's office. After the fire temporary quarters were provided for the clerk's office elsewhere by order of the board of supervisors; but the chancery clerk continued also to use the vault, and this particular deed was left in this vault with other records and papers of the chancery clerk's office, all of which were in the actual custody of the clerk and on file in his office, within every intendment of section 4338 of the Code of 1906, where it remained for the full period of time required by the section. We do not deem it worth while to dwell on this feature of the case. The facts make it clear that the clerk continued the use of this vault as a part of his office, leaving on deposit there this and many other records, and had appellees applied to the clerk for the redemption of this land, or for inspection of this tax conveyance, at any time within the

two years, they would have found this deed in his custody.

The actual sale of the land was made on the first Monday of March, as is required by section 4328 of the Code of 1906, and this section of the Code necessarily controls section 4326. Section 4326 of the Code of 1906 provides how lands shall be advertised for sale and the date on which *the advertisement* shall state that the lands shall be sold; but section 4328 provides the date when the sale shall take place, and further provides that "neither a failure to advertise nor error in an advertisement," etc., shall invalidate the sale. The sale of this land was made at the time the law required. There is hopeless conflict between sections 4326 and 4328 of the Code. Section 4326 requires that "the tax collector shall advertise all land in his county on which the taxes have not been paid, or which is liable to sale for other taxes, for sale at the door of the courthouse of his county on the first Monday of April following," while section 4328 requires that "on the first Monday of March, if the taxes remain unpaid, the collector shall proceed to sell the land," etc. The date of sale being fixed by statute, the advertisement of sale, in view of the fact that the sale is good without it, is of little practical value, beyond merely calling the attention of the public to those standing on the roll as delinquents, thus, perhaps, bringing notice to delinquents who have forgotten to pay their tax.

Section 4328 of the Code is necessarily controlling: for, if this were not true, the court would be compelled to hold that the failure to do that which the statute declares not to be essential to a valid sale would control section 4328, and make invalid a sale made under it for the failure to do that which the statute says is not necessary in order to make a good sale. This confusion in the law has fortunately been eliminated by amendments of 1908 and 1910.

This case is reversed, and the bill dismissed.

*Reversed and dismissed.*