HYMAN MERCANTILE COMPANY *v.* SUMMIT SAW & PLANING MILL.

[60 South. 1015.]

TAXATION. *Tax sale. Title. Code 1906, section 4328.*

    Under section 4328, Code 1906, so providing, a sale of land for delinquent taxes for the year 1906, on the first Monday of March, 1907, was valid and conferred good title on the purchaser.

APPEAL from the chancery court of Pike county.
HON. J. S. HICKS, Chancellor.

Suit between Hyman Mercantile Company and the Summit Saw & Planing Mill. From a judgment for defendant, plaintiff appeals.

The facts are sufficiently stated in the opinion of the court.

*Will A. Parsons,* attorney for the appellant.

The solicitor for the appellee in the lower court urged two positions: First, that section 4326 made it essen-

tial that the land sold for taxes should be advertised to be sold on the first Monday of April and that an advertisement to sell on the first Monday of March was such a defect as would vitiate the sale notwithstanding the curative provision as to advertisement contained in section 4328 and the curative provisions contained in section 2332. Second, that section 4326, providing positively for an advertisement to sell on the first Monday of April, and section 4328, providing with equal positiveness for a sale to take place on the first Monday of March, the scheme of taxation became thereby so interrupted and inconsistent as to make both sections void and that therefore no valid sale for taxes could be made under the Code.

The chancellor did not sustain either one of these contentions but went off on an idea of his own and held that section 4328 should be taken as modified and amended by section 4326 and that under the two sections the sale should have been made on the 1st Monday of April.

It would certainly seem to be an anomaly to hold that a provision of the statute in reference to an nonessential should be made to control over the positive provisions of a statute as to matters which go to the very life of the tax sale without absolute and strict compliance with which there can be no valid tax sale.

The policy of the state of Mississippi in refrence to tax sales and the validity of tax titles, clearly evidenced by its statute laws and the decisions of its highest court is that the essentials of a valid sale of land for taxes are: Liability to taxation, a legal assessment, default in the payment of the taxes due, a sale at the proper time at the proper place and in the proper way and the execution of a deed by the tax collector in proper form and when all of these things are present to treat all other defects as cured by the curative provisions of sections 4328 and 4332. Certainly the interests of the taxpayer are amply protected by the essentials enumerated above

and certainly no principle of justice. requires that any more be added.   Our Constitution, section 79, provides: "The legislature shall provide by law for the sale of all delinquent tax lands.   The courts shall apply the same liberal principles in favor of such titles as in sales by execution."   Folowing out this same. policy of upholding sales for taxes, section 4328 of the Code provides that "neither a failure to advertise nor error in an advertisement, nor error in conducting the sale, shall invalidate a sale at the proper time and place for taxes of any land on which the taxes were due and not paid."   Every man is presumed to know the law and this is an absolute presumption when it takes from him his life or his liberty.   He knows that his property is liable to assessment for taxes; he knows that at a certain time the assessment is made; that it is filed with the board of supervisors and that whatever objection he desires to make shall be made within a certain time to that board or he will be precluded.   He knows that he must pay the taxes on his property and that unless he does so the property will be sold by the tax collector, at a certain fixed time and at a certain fixed place, and it is evidently the purpose of the law in making the place and the time absolutely fixed and making a strict compliance with the law as to time and place absolutely essential to the validity of a tax sale, that every man interested may know when and where the land delinquent for taxes is to be sold just as definitely as if he were actually served with notice.   There is no necessity for an advertisement to prevent wrong or injury as long as the time and place of sales for taxes are fixed by law and not left to be fixed by any officer. Realizing this and with this view of the law and for the purpose of giving some stability to tax titles, which were at one time considered worthless, the Code of 1871 provided, "No error in the advertisement nor failure to advertise shall invalidate a sale for taxes of any land, on which the taxes were not paid."   And this provision

has stood the test of time and I take it that the power of the legislature to make the advertisement of a tax sale a nonessential and to provide that however defective the advertisement may be and even if there is no advertisement, that that shall not affect the validity of the sale, cannot now be questioned. In the case of *Vasser* v. *George* the statute in question which provided for a sale for taxes without further notice except that contained in the law was upheld. 47 Miss. 713.

In the case of *Virden* v. *Bowers,* 55 Miss. 1, two of the advertisements published advertised the sale to take place on January 7th, which was Sunday and one advertised the sale to take place on the first Monday of January whereas as a matter of fact the sale took place on the 8th day of January. In this case in rendering the opinion of the Court, Simrall, C. J., said: "If it be objected that the tax collector gave imperfect notice of the sale, or altogether failed to do so, the answer is that the purchaser is affected by that irregularity, because we must suppose that the convention were aware of the law in this state established in *City of Natchez* v. *Minor,* 10 S. & M. 255, and that they meant to apply the same rule to tax sales and deeds. It follows if these premises be sound, that a defective advertisement of the particular property is one of these irregularities which the courts are enjoined by the Constitution to disregard. But we need not go as far as that; for the final clause of section 1697 enacts that no error in the advertisement or failure to advertise shall invalidate the sale of any land on which the taxes have been paid. It could hardly be doubted, in view of the Constitution quoted that this is valid legislation. The statute fixes a day for the sale of delinquent lands and it may well be supposed that if the owner has made no provision for the payment of his taxes he is aware that they will be sold, and the time, and acquiesces therein." This case is cited with approval in the case *Wolfe* v. *Murphy,* 60 Miss. 18. So

that I take it to be the established law in the state of
Mississippi that section 4326, in providing for the ad-
vertisement of tax sales, is purely directory and that
section 4328 in fixing the time of the sale is absolutely
mandatory, and that the time stated in the advertisement
would make absolutely no difference but that the time
the sale was held is a matter that goes to its very life.
It is hardly conceivable that the legislature could, by
changing its directions to the sheriff as to a matter of no
importance in section 4326, *ipso facto* change the posi-
tive commands laid upon him in section 4328. Such an
idea is entirely fanciful and has no foundation in legal
principles. See 23 Am. & Eng. Ency. of Law (1 Ed.),
458, and the numerous authorities referred to. Certainly
the date to be stated in the advertisement could not be
more important than the advertisement itself.

But if I should be in error in this position to make
section 4326 control over section 4328 it would be neces-
sary to abrogate and disregard all the recognized prin-
ciples of a statutory construction. In the first place there
is no such conflict between the two sections as to render
it impossible for both to stand just as written; both were
adopted at the same time. They are both a part of the
same chapter of the same Code. The same act of ap-
proval that approved the entire chapter 122 set the ap-
proval of the governor of the state of Mississippi upon
both sections 4326 and 4328. Neither section could be
said in any sense of the term to be an amendment of
the other. Of course it is unusual and unreasonable to
advertise land to be sold on one day and then sell it on
another, but if section 4326 had provided for it to be ad-
vertised to be sold on the first Monday of March, the
tax collector could have still advertised it to be sold on
the first Monday of April and a sale made on the first
Monday of March would be good. Or he could advertise
it for sale on any other day or not advertise it at all
and yet if he sold the land which had been legally as-

sessed and was liable to taxation and the taxes had not been paid at the proper time and place and in the proper manner and executed a deed in proper form, the title would have been good.

Where the language of a statute is susceptible of but one meaning it must receive that meaning although such construction leads to results which are absurd or mischievous. Courts are not to tamper with the clear and unequivocal words used although the consequences may not be such as were contemplated by the legislature. There can be no departure from the plain meaning of a statute on grounds of its unwisdom or of public policy. 23 Am. & Eng. Ency. of Law (— Ed.), 299, and numerous authorities.

But furthermore, even if these two sections were of equal dignity, if they were both absolutely mandatory, if the advertisement were just as essential as the fixed day of sale, if the two sections could not coexist, if it were impossible to advertise land to sell on the first Monday of April and sell it on the first Monday of March, then under well-settled principles of law the date fixed by section 4328 as the date of sale would be the date to be stated in the advertisement.

"If there is a total conflict between two parts of acts the decisions are to the effect that the provision which is latest in position repeals the other." 2 Lewis's Sutherland's Statutory Construction, p. 668, and numerous authorities there mentioned. The general rule seems to be that a Code is construed as one act of the legislature but it has been held in this state that where the different chapters of the Code are adopted and approved by the governor separately then each chapter is a separate act. The Code of 1906 was adopted by chapters just the same as the Code of 1871. Each chapter was passed separately by the legislature and approved by the governor as a whole. "The date of an act of the legislature is the time when the governor approved it." *Gibbons* v.

*Brittenum,* 56 Miss. 252. In this case of *Gibbons* v. *Brittenum* there was involved the construction of the Code of 1871 and the court divided upon the question as to whether there was an irreconcilable conflict between the sections involved in that case and also upon the question as to whether or not a Code is to be considered as one act or whether where the different chapters are passed and approved separately each chapter is to be construed and considered as a separate act. Judge Chalmers and Judge Campbell holding that the entire Code was to be considered and construed as one act and Judge Simrall holding that as each chapter was passed by the legislature and approved by the governor separately, that each chapter should be considered and held as one act and the rules of construction should be applied to the Code as one act. In this case the court agreed as to the rules of construction. Now in the present case it does not make any difference whether the court should adopt the holding of the majority of the court in the case of *Gibbons* v. *Brittenum* that the Code is to be construed as a whole or the holding of Judge Simrall that each chapter was to be taken and construed as a separate act, the result is the same for the reason that sections 4326 and 4328 are both parts of the same chapter, 122. In the case of *Gibbons* v. *Bruttenum,* Simrall, C. J., in delivering his opinion says at page 258: "As we have seen the last section of a single act prevails over a prior one though the act as a whole was approved on its final passage through the senate and the house of representatives and approved as a whole by the governor because the court must assume that in construing and arranging the plan of the act the legislative mind expressed its ultimate purpose in the later section. In such cases the court's law hold the numerical order of the parts of the law as the test. Chalmers, Justice, in his opinion, 56 Miss. 250, says: "If after exhausting every scheme of reconciliation there still remains a palpable and irrepres-

sible conflict, we are compelled in the absence of anything else indicative of the legislative will, to determine it by adopting its latest declaration." And again at page 250 he says, "So fundamental is the canon of construction which makes the later expression overrule the former one, that it is well settled that the later clauses of the same statute or of the same will destroy preceding ones with which they are in conflict. Potters Dwar. on Stat., 156, note; 9 Bac. Abr., tit. Stat., D 227; *Harrington* v. *Trustee,* 10 Wendell (N. Y.), 150. Where the repugnance is between two sections of the same statute, the last section supersedes the former." *State* v. *Hall,* 5 Rich. 120; *Powers* v. *Barney,* 5 Blatchf. (U. S.) 203; *Southwark Bank* v. *Commonwealth,* 26 Penn. 446.

The cases of *Ham* v. *State* and *Royston* v. *State,* 7 Blackf. 314, presented the question of conflict between two statutes passed at the same session. The court said: "In determining which is the law of the land we know of no other rule of construction than that the last expressed will of the legislature must prevail." A palpable case of conflict between two sections of the same act occurred in *Bowers* v. *Barney, ubi supra.* Nelson, J., in referring to the incongruity said: "Each party found an authority in the same act of congress" and solved the difficulty on the well-settled rule of construction, accepting the provision occurring last in the act as the law. "The different sections or provisions of the same statute or Code should be so construed as to harmonize and give effect to each, but if there is an irreconcilable conflict, the later in position prevails." 2 Lewis's Sutherland's Statutory Construction, p. 668; *Hand* v. *Stapleton,* 33 So. 689; *Van Horn* v. *State,* 46 Neb. 62.

I therefore, submit to the court that the sale in this case upon which we rely strictly complies with all the requisites of a valid tax sale and that the lower court erred in holding that the sale was void.

*J. B. Holden,* attorney for the appellee.

The appellee presented three contentions in the lower court why the tax title of appellant was void, and the chancellor sustained at least two of these contentions. Reference to the agreed statement of facts and the decree rendered by the chancellor fairly presents the questions involved in this case.

First. Appellee contends that the conduct of appellant towards appellee during the two years after the purchase at tax sale, was, under the evidence and remarkable circumstances in this case, fraud in equity, and that the appellant did not come into a court of equity with clean hands and good conscience.

Second. At common law there was no lien for taxes, nor right to sell property for delinquent taxes. The present scheme for distress and sale is wholly statutory, and therefore must be strictly adhered to.

The sale in this case was made under sections 4326 and 4328 of the Code of 1906. Section 4326 provided: "That the tax collector shall advertise all land in this county on which the taxes have not been paid, or which is liable to sale for other taxes, for sale at the door of the courthouse of his county on the first Monday of April following."

Section 4328 provides that, "On the first Monday of March if the taxes remain unpaid, the collector shall proceed to sell the land, etc."

The history of this scheme of sale for taxes reveals the intent of the legislature when it passed the different statutes on the subject. Before the enactment of section 4326 it was the law that lands should be advertised for sale on the first Monday of March, but the legislature intended to change the date of sale, and to change the date of sale from the first Monday of March to the first Monday of April, as set forth in section 4326. The same legislature which enacted section 4326 intended to make the change from the first Monday of March to the

first Monday of April in section 4328, but for some reason the word March was left in section 4328, no doubt through error.

The legislature of 1908 changed section 4328 providing that sales should be made on the first Monday of April instead of first Monday of March, thus showing that it was the intent of the previous legislature to have changed section 4328 from March to April. Therefore, appellee contends, that when the land in this case was purchased by appellant at the tax sale it was a void sale, because section 4326 was mandatory in its terms, that the tax collector shall advertise all land for sale on the first Monday of April, when in fact the sheriff and tax collector in this case advertised said land for sale on the first Monday of March, one month previous to the time required in section 4326. It is a well-established principle in the scheme of sale for taxes, that notice of the time is as important as notice of the place of sale. 27 Am. & Eng. Ency. of Law, 820, 735.

Appellee contends, that if it were possible under the statutes to make a valid sale, then such sale should have been made by the tax collector on the first Monday of April, instead of on the first Monday of March, which evidently was the intent of the legislature when section 4326 was enacted.

Third. The appellee contends, that if a sale on the first Monday of April, according to section 4326, would not be a valid sale, then there could be no valid sale for taxes under the statutes at the time, on account of the irreconcilable conflict between sections 4326 and 4328; therefore, the sale to appellant was void.

It is urged by appellant that section 4328 is broad enough to cure the defect in the sale, and conflict in the statutes. This section is merely re-enacted and brought forward into the Code of 1906, and was not intended to cover such fatal defects as the advertising of the sale of land at a different date from that named in section 4326,

which provides "that the tax collector shall advertise all lands for sale on the first Monday of April;" but appellee contends that this curative statute is limited to other irregularities only.

The court said in 74 Miss. 694, 164: "that irregularities may not avoid the tax sale, but a total departure from the mode of sale prescribed by law will render the sale void." In this case there was a total and radical departure from the mode prescribed by the statute, section 4326, which the delinquent taxpayer had a right to depend upon and believe was the law, and which the legislature intended should be followed as the law.

Section 4328 which is termed a curative statute, cures irregularities, provided that the sale is made at the proper time and place. Section 4326 names the time in as expressed terms as does section 4328 name the place. Therefore section 4328 was not intended to nullify section 4326.

It will be remembered that section 4326 was the latest enactment of the legislature changing the date of the notice of sale of lands for taxes, and it being the last expression should be taken as their intention that lands should be advertised and sold on the first Monday of April instead of on the first Monday of March, as provided under the old law.

I therefore submit to the court that the tax sale in this case, upon which the appellant relies to retain his title to this valuable property bought for sixty dollars at tax sale, is null and void, and that the lower court granted the just and proper decree.

Cook, J., delivered the opinion of the court.

The land in controversy was sold on the first Monday in March, 1907, by the tax collector of Pike county for the delinquent taxes of 1906; appellant being the purchaser.

Without stating the details of the pleading, it is sufficient to say the chancery court, on final decree, canceled

the tax deed, upon the theory that the sale was invalid, because the land was sold at the wrong time.

This precise question was involved in *Simpson* v. *Interstate Cooperage Co.,* 58 South. 4. According to that decision, which we unreservedly approve, the chancellor erred in his construction of sections 4327 and 4328 of the Code of 1906. The tax title was perfect, and should have been confirmed.

As to the other questions involved in the litigation, we express no opinion, but leave them to be dealt with by the court below.

*Reversed and remanded.*